IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                      No. CV 15-00984-JAP-LAM
                                                        No. CR 15-02135-JAP

EDDIE JOE REZA,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte*, under rules 4(b) and 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, on Defendant Eddie Joe Reza's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255(a) and § 2255(f)(4), filed on October 30, 2015. [CV Doc. 1; CR Doc. 56] Defendant contends that "[t]he presentence report added additional points to the petitioner's offense level and criminal history" based on the criminal charges in two state cases, namely *State of New Mexico v. Reza*, M-17-FR-201100008 and *State of New Mexico v. Reza*, M-17-FR-201200276, both of which were dismissed via nolle prosequi in January 2015. [CV Doc. 1; CR Doc. 56] Defendant asks the Court to "vacate his sentence and resentence him without the enhancement for the state prior convictions," pursuant to *Johnson v. United States*, 544 U.S. 295 (2005). [CV Doc. 1 at 6; CR Doc. 56 at 6] For the reasons explained below, Petitioner's § 2255 motion will be dismissed.

    On November 6, 2009, Defendant was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [CR Doc. 1] Defendant pleaded guilty pursuant to a plea agreement. [CR Doc. 25, 26] According to the Presentence

Investigation Report, Defendant had a "total offense level of 25 and a criminal history category of VI, [and] the guideline imprisonment range is 110 to 120 months" under the United States Sentencing Guidelines. [PSR at 24] At sentencing, the Court adopted the findings in the Presentence Investigation Report after ruling on objections and imposed a sentence of 110 months imprisonment and three years of supervised release. [CR Doc. 50] The Court rendered final judgment on June 1, 2011. [CR Doc. 51]

Title 28 of the United States Code, Section 2255(f) imposes a one-year period of limitation on motions to vacate, set aside, or correct a federal sentence. The one-year period of limitation begins to run, in relevant part, on the "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2255(f)(4). Because Defendant's § 2255 motion was filed within one-year of the dismissal of his state criminal charges in M-17-DR-201100008 and M-17-FR-201200276, Defendant contends that his motion is timely.[1] [CV Doc. 1; CR Doc. 56] *See Johnson*, 544 U.S. at 302 (holding that a defendant's § 2255 motion is timely pursuant to § 2255(f)(4) if filed within one-year of the vacatur of the state convictions used to enhance a federal sentence and if the defendant acted with due diligence in initiating state court proceedings). Assuming, without deciding, that Defendant's motion is timely under § 2255(f)(4), the Court nonetheless concludes that Defendant's motion fails.

Defendant contends that the "[t]he presentence report added additional points to the petitioner's offense level and criminal history" based on the state criminal charges in *State of New Mexico v. Reza*, M-17-FR-201100008 and *State of New Mexico v. Reza*, M-17-FR-201200276.

---

[1] Defendant contends that his § 2255 motion "cannot be considered second or successive under § 2255(f)(4) because he is bringing his claim within one-year from the date that the prosecutor filed Nolle Prosequi regarding Case Numbers M-17-FR-201200276 and M-17-FR-201100008." [Doc. 1 at 3] However, Defendant has not previously filed a § 2255 motion and, therefore, the Court need not consider whether the present motion is "second or successive" under § 2255(h). Nonetheless, § 2255(f)(4) governs the timeliness of § 2255 motions and, therefore, the Court will liberally construe Defendant's argument as one addressing the timeliness of the present motion under § 2255(f)(4).

[CV Doc. 1; CR Doc. 56]  However, the Presentence Investigation Report did not mention the state charges in M-17-FR-201100008 and M-17-FR-201200276, much less use them to calculate Defendant's sentence under the United States Sentencing Guidelines.  [*See* PSR]  Indeed, the Presentence Investigation Report could not have utilized these state charges to enhance Defendant's federal sentence, because it pre-dated the date on which the state charges were filed.  The record reflects that the Presentence Investigation Report was disclosed on November 2, 2010, whereas the state charges in *State of New Mexico v. Reza*, M-17-FR-201100008 and *State of New Mexico v. Reza*, M-17-FR-201200276 were not filed until January 11, 2011 and November 6, 2012, respectively.  *See St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (noting that federal courts "may take notice of proceedings in other courts, both within and without the federal system, if those proceedings have a direct relation to matters at issue").  Because the state charges were not filed until after the disclosure of the Presentence Investigation Report, they had no impact on the calculation of Defendant's federal sentence under the Guidelines.[2]  Therefore, Defendant's § 2255 motion lacks merit and will be dismissed.  Because Defendant has failed to make a substantial showing of the denial of a constitutional right, the Court will deny a certificate of appealability.

   IT IS THEREFORE ORDERED that Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is DISMISSED; and a certificate of appealability is DENIED;

*[signature: James A. Parker]*
UNITED STATES DISTRICT JUDGE

---

[2] Indeed, in *State of New Mexico v. Reza*, M-17-FR-201200276, the state charges were not filed until after the Court entered its final judgment on Defendant's federal sentence on June 1, 2011.  [*See* CR Doc. 51]